**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>-v-<br><br>Betty Falk,<br><br>Defendant. | 2:25-cv-449<br>(NJC) (SIL) |

**MEMORANDUM AND ORDER**

NUSRAT J. CHOUDHURY, United States District Judge:

The United States of America ("Plaintiff") commenced this action on January 27, 2025, against Betty Falk ("Ms. Falk") pursuant to 26 U.S.C. § 7402(a), at the direction of a delegate of the Attorney General and with the authorization of a delegate of the Secretary of the Treasury seeking three objectives. First, Plaintiff seeks to establish that Ms. Falk used funds fraudulently transferred to her by her husband, non-party Jeffrey M. Falk ("Mr. Falk"), to acquire and make mortgage and property tax payments on a property titled in her name (the "Property"), such that, upon avoidance of the transfers, Plaintiff will be entitled collect judgment from Ms. Falk up to the total value of the transfers. (Compl. at 1.) Second, Plaintiff intends to trace mortgage and property tax payments made by Mr. Falk after federal tax liens arose and attached to the Property, and to establish that the tax liens encumber the Property in the sum of all lien-encumbered payments, or alternatively to obtain a money judgment against Ms. Falk in an amount equal to the sum of such payments. (*Id.*) Third, Plaintiff wishes to investigate through discovery all other transfers to Ms. Falk of any money or other property subject to the tax liens

against Mr. Falk, seeking a money judgment against Ms. Falk in the amount of the funds so supplied. (Compl. ECF No. 1, at 1–2.)

Before the Court is Ms. Falk's letter motion seeking leave to file a motion for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."). For the reasons set forth below, the requests set forth in the letter motion are denied. Ms. Falk raises a host of statute of limitations arguments in support of her request for judgment on the pleadings in her favor under Rule 12(c) or an order setting forth a schedule for full briefing on the motion. However, none of the statute of limitations or other arguments raised in her letter motion have any merit. Nor does Ms. Falk offer a sufficient basis for this Court to order full briefing on the motion for the reasons detailed below. Rather, Ms. Falk's latest letter motion is another attempt to further delay this action from moving forward in discovery notwithstanding Plaintiff's timely claims. Therefore, the request to order a schedule for further briefing on the arguments raised in the letter is denied.

**PROCEDURAL HISTORY**

On June 9, 2025, Ms. Falk filed a letter motion requesting either a briefing schedule or pre-motion conference on her anticipated motion to dismiss the Complaint under Rules 12(b)(1) and (6), Fed. R. Civ. P. (Mot. ("PMC Letter"), ECF No. 11 at 1.) On June 11, 2025, Plaintiff filed a response arguing that the Court should summarily deny Falk's anticipated motion to dismiss and order Falk to answer the Complaint. (Ltr., ("PMC Opp."), ECF No. 12.) On October 1, 2025, Plaintiff filed a motion to stay all case deadlines in light of the lapse in government appropriations funding the United States Department of Justice, which prohibited Plaintiff's attorney from working on this action. (ECF No. 13.) The Court granted the motion to stay on

October 15, 2025, and ordered Plaintiff to file a letter on the docket notifying the Court of when funds were appropriated to the Department of Justice. (Elec. Order, Oct. 15, 2025.)

Funding was restored to the federal agencies on November 12, 2025, but by February 6, 2026, Plaintiff had not filed a letter notifying the Court. As such, on February 6, 2026, the Court issued an Order requiring Plaintiff to file a letter notifying the Court whether it intends to litigate the case and warning that failure to respond by February 13, 2026 would lead to dismissal for failure to prosecute under Rule 41(b), Fed. R. Civ. P. (Elec. Order, Feb. 6, 2026.)

On February 11, 2026, Plaintiff filed a letter informing the Court of its intent to prosecute the case and renewed its June 11, 2025 opposition to Ms. Falk's letter motion in support of an anticipated motion to dismiss. (ECF No. 14.) On February 17, 2026, Ms. Falk filed an additional motion to dismiss, this time arguing that the Court should dismiss the case pursuant to Rule 41(b) due to Plaintiff's failure to advance the case after funding was restored to the Department of Justice before issuance of the Court's February 6, 2026 Order.

On March 11, 2026, I issued a Memorandum and Order ("March 11 Order") ruling on Ms. Falk's two requests: (1) the June 9, 2025 letter motion seeking a pre-motion conference concerning an anticipated motion to dismiss the Complaint; and (2) the February 17, 2026 letter motion arguing that the Court should dismiss the case for Plaintiff's failure to prosecute. (ECF No. 16.) I deemed Ms. Falk's motion to dismiss the Complaint under Rule 12(b)(1) and (6), Fed. R. Civ. P., as made by her June 9, 2025 letter motion and denied both the motion to dismiss under Rule 12(b)(1) and (6) and the motion to dismiss for failure to prosecute under Rule 41 for the reasons set forth in the March 11 Order. (*Id.*)

On April 9, 2026, Ms. Falk filed a letter requesting that the Court permit full briefing on her motion to dismiss the Complaint under Rules 12(b)(1) and 12(b)(6) and argued that the

denial of the motion based on the pre-motion conference letters violated her due process rights. (Mot. ("April 9 Letter"), ECF No. 19 at 1 (citing *Int'l Code Council, Inc. v. UpCodes Inc.*, 43 F.4th 46 (2nd Cir. 2022)).) On May 1, 2026, Ms. Falk filed an Answer to the Complaint.

On May 6, 2026, I held a pre-motion conference with the parties. (Min. Entry, May 6, 2026.) Ms. Falk noted the recent filing of her Answer to the Complaint and did not raise any due process concerns with the March 11, 2026 Order deeming her motion to dismiss the Complaint under Rules 12(b)(1) and (6) made and denied. She stated that she did not wish to pursue full briefing on any motion to dismiss under Rule 12(b)(1) or (6), but instead requested leave to file a motion for judgment on the pleadings under Rule 12(c), Fed. R. Civ. P., to advance a series of new arguments that were not raised in her original pre-motion conference letters addressing a motion to dismiss, which are located at ECF No. 11 and ECF No. 15. (*See* Min. Entry, May 6, 2026.) Accordingly, I granted Ms. Falk leave to file a letter setting forth the basis for her Rule 12(c) motion and instructed that the letter "must identify the case law, facts, and legal theories that support [her] arguments pertaining to subject matter jurisdiction, the statute of limitations, and that any alleged transfer of money from Mr. Falk to Defendant Falk constituted permissible gifts to a spouse." (*Id.*) I entered a briefing schedule governing her submission and a response by Plaintiff. (*Id.*)

On May 13, 2026, Ms. Falk filed her letter in support of a motion for judgment on the pleadings under Rule 12(c). (Mot. to Dismiss, ("Mot.") ECF No. 21.) Plaintiff filed its letter in opposition on May 20, 2026. (Resp. in Opp. ("Opp."), ECF No. 22.)

## LEGAL STANDARDS

"The standard for granting a Rule 12(c) motion for judgment on the pleadings is identical to that for granting a Rule 12(b)(6) motion for failure to state a claim." *Lively v. WAFRA Inv.*

*Advisory Grp., Inc.*, 6 F.4th 293, 301 (2d Cir. 2021). "A party may move for judgment on the pleadings after the pleadings are closed, but early enough not to delay a trial." *1-800 Contacts, Inc. v. JAND, Inc.*, 119 F.4th 234, 246 (2d Cir. 2024). "To survive a Rule 12(c) motion, the plaintiff's complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Lively*, 6 F.4th at 301.[1] Further, the court is not to "give effect to a complaint's assertions of law or legal conclusions couched as factual allegations; we are to accept well pleaded factual assertions as true; and we are to draw all reasonable factual inferences in favor of the plaintiff." *1-800 Contacts, Inc.*, 119 F.4th at 246; *see also Am. Soc'y for the Prevention of Cruelty to Animals v. Animal & Plant Health Inspection Serv.*, 60 F.4th 16, 21 (2d Cir. 2023).

**DISCUSSION**

**I. Plaintiff's Claims are Timely**

A. 26 U.S.C. § 6502

Ms. Falk argues that Plaintiff's claims against her are time-barred under 26 U.S.C. § 6502, which establishes a ten-year statute of limitations for Plaintiff to commence an action to collect federal tax assessments. (Mot. at 1–2.) Although Plaintiff filed an action to collect the federal taxes assessed against Mr. Falk within ten years of assessment (*see* March 11 Order at 8), Ms. Falk argues, "[T]here is no legal support for Plaintiff's position that the filing of the suit against the taxpayer [Mr. Falk] extended the statute of limitations for collection against [Ms. Falk]." (Mot. at 2; *see also United States vs. Jeffrey M. Falk*, No. 2:09-cv-1142 (E.D.N.Y.) (concerning proceedings initiated in 2009 against Mr. Falk to collect outstanding taxes assessed

[1] Unless otherwise indicated, referenced quotations omit all internal quotation marks, citations, footnotes, and alterations.

from 1999 to 2006, which is within 10 years of the tax assessments).) In opposition, Plaintiff argues that 26 U.S.C. § 6502 does not "bar a suit against third persons," such as Ms. Falk, undertaken to "in aid of collecting a judgment against a taxpayer.'" (Opp. at 1 (quoting *Hall v. United States*, 403 F.2d 344, 346 (5th Cir. 1968)).)

Ms. Falk's argument lacks support in 26 U.S.C. § 6502 or case law interpreting the statute. Under the statute, "[w]here the assessment of any tax imposed by this title has been made within the period of limitation properly applicable thereto, such tax may be collected by levy or by a proceeding in court, but only if the levy is made or the proceeding begun (1) within 10 years after the assessment of the tax" or other circumstances not applicable here. 26 U.S.C. § 6502(a). Moreover, the statute provides that "if a timely proceeding in court for the collection of a tax is commenced, *the period during which such tax may be collected by levy shall be extended and shall not expire* until the liability for the tax (or a judgment against the taxpayer arising from such liability) is satisfied or becomes unenforceable." *Id*. (emphasis added). Therefore, because Plaintiff began a collection action against Mr. Falk in 2009, this action brought against Ms. Falk to recover tax assessments against Mr. Falk is permissible under 26 U.S.C. § 6502. Federal courts across the country have interpreted 26 U.S.C. § 6502(a)(1) to require only the filing of one timely action against the taxpayer within the ten-year limitations period and explicitly permit a subsequent action against a third party to collect the same tax assessments at issue that may otherwise fall outside the limitations period. The Sixth Circuit has provided a fulsome explanation for this interpretation of 26 U.S.C. § 6502:

> We hold that the statute of limitations in § 6502(a) is satisfied once the government commences *any timely proceeding in court*. We have previously noted that the government can collect on judgments arising out of timely proceedings even more than ten years after the assessment. *See United States v. Weintraub*, 613 F.2d 612, 620–21 (6th Cir. 1979) ("[T]here is no time limit whatsoever on an action against the taxpayer to enforce a timely levy or judgment obtained in a timely filed court proceeding."). . . .

> Once the government has brought a proceeding on the assessment, however, the government is not forced to bring every conceivable collections proceeding within ten years. That would be a waste of both taxpayer and government resources. Of course, the limitations period must still be satisfied for each *assessment*. Where, for example, the government has made assessments for multiple years, it must bring a timely proceeding for each year—*i.e.*, for each assessment—to satisfy their respective limitations periods. But there is no requirement that each *proceeding* related to the same assessment be brought within ten years, so long as at least one was filed within the ten-year period.
>
> This reading of the statute harmonizes the flush language in § 6502 with the statute of limitations and interprets each provision in light of the other. The flush language provides that, by filing a timely collections proceeding, the government may collect by levy until the tax liability "is satisfied or becomes unenforceable." 26 U.S.C. § 6502. In other words, so long as the liability remains unsettled, a single timely proceeding extends the ability of the government to collect the assessment by levy beyond the ten-year limitations period in § 6502(a). Harmonization of the flush language and the statute of limitations means that where the government has already chosen to proceed via a proceeding in court, it is not later forced to resort to levy as the only method to collect.

*United States v. Est. of Chicorel*, 907 F.3d 896, 899 (6th Cir. 2018) (emphasis in original).

In other words, "there is no requirement that each *proceeding* related to the same assessment be brought within ten years, so long as at least one was filed within the ten-year period." *Id*. (emphasis in original); *see also United States v. Anderson*, No. 2:13-cv-93, 2013 WL 3816733, at *2 (M.D. Fla. July 22, 2013) ("As courts have consistently held, so long as the Government brings a timely action to collect on a tax liability, its subsequent efforts to enforce the liability or judgment against a third party will be considered timely."); *United States v. Worldwide Lab. Support of Illinois, Inc.*, No. 1:10-cv-70, 2011 WL 148196, at *1 (S.D. Miss. Jan. 18, 2011) ("This limitations [in 26 U.S.C. § 6502(a)(1)] is satisfied where the Government institutes a personal judgment action against the taxpayer within ten years of the assessment. . . . The limitations period is inapplicable to a suit against a third party in aid of collecting a judgment obtained against a taxpayer."); *Hall*, 403 F.2d at 346 (holding that Section 6502's limitations period is inapplicable to a suit against a third party in aid of collecting a prior judgment obtained against a taxpayer).

Ms. Falk does not cite any authority in support of her position that the 2009 litigation against Mr. Falk, which timely sought to collect tax assessments from 1999 through 2006, does not satisfy the ten-year limitations period set forth in 26 U.S.C. § 6502 under the plain text of the statute. Accordingly, the present lawsuit against Ms. Falk is not barred by the statute of limitations set forth in 26 U.S.C. § 6502.

B. 26 U.S.C. § 6901

Ms. Falk also argues that the statute of limitations set forth in 26 U.S.C. § 6901 ("Section 6901") "provides separate and independent statutory grounds for dismissal of Plaintiff's suit." (Mot. at 2.) Section 6901 establishes a procedural mechanism for the Internal Revenue Service ("IRS") to collect unpaid taxes from a party other than the liable taxpayer if the party is a "transferee" of the taxpayer's property. *See* 26 U.S.C. § 6901. The statute sets a one-year period of limitation for the IRS to commence proceedings "for assessment of any such liability of a transferee or a fiduciary" under the statute. *Id*. § 6901(c). As such, Ms. Falk argues that Section 6901's "statutory limitation on federal collection of tax based on a transferee liability theory such as Plaintiff pursue[s] in this case" forecloses this action because "the statute of limitations for Plaintiff to commence proceedings against [Ms. Falk] expired long ago." (Mot. at 2.)

Ms. Falk's Section 6901 argument is without merit because Plaintiff is not asserting claims under Section 6901 and is not required to do so. "It is settled that the collection procedures established by § 6901 are not exclusive and mandatory but are cumulative and alternative to other methods of tax collection recognized and used prior to the enactment of § 6901 and its statutory predecessors." *United States v. Marin*, No. 18-cv-9307, 2020 WL 378094, at *7 (S.D.N.Y. Jan. 23, 2020); *see also United States v. Henco Holding Corp.*, 985 F.3d 1290, 1305 (11th Cir. 2021) ("Under [*Leighton v. United States*, 289 U.S. 506, 509 (1933)], once

the government timely assessed the tax liabilities against [the taxpayer defendant], it was not required to separately assess the [transferee defendants] as transferees under § 6901, as that provision is simply an additional tool for the government to assess and collect from a transferee the tax liabilities owed by a transferor.").

Here, Plaintiff assessed federal tax liabilities against Mr. Falk between 1999 and 2006 and timely filed this action to seek recoupment from Ms. Falk under state law causes of action for fraudulent transfer over which this Court has jurisdiction. (*See* Compl. ¶¶ 9–41.) Plaintiff never made a Section 6901 transferee assessment against Ms. Falk. (ECF No. 22 at 2.) Thus, Section 6901's limitations period is entirely inapplicable to this action.

C. State Law Statutes of Limitation

Last, Ms. Falk argues that the claims against her are time barred by "the six-year [statute of limitations] for alleged fraudulent transfer claims under the New York State Debtor and Creditor laws, which Plaintiff asserts and relies upon in Plaintiff's complaint." (Mot. at 5.) This argument is foreclosed by Supreme Court precedent holding that the United States is not bound by a state statute of limitations when acting in its sovereign capacity to enforce a tax lien. *See United States v. Summerlin*, 310 U.S. 414, 417 (1940) ("When the United States becomes entitled to a claim, acting in its governmental capacity and asserts its claim in that right, it cannot be deemed to have abdicated its governmental authority so as to become subject to a state statute putting a time limit upon enforcement."); *see also United States v. Alfano*, 34 F. Supp. 2d 827, 835 (E.D.N.Y. 1999) ("The New York State statute of limitations applicable to fraudulent conveyances does not apply to the United States. The United States acts in its sovereign capacity when it brings suit to set aside a fraudulent conveyance or to enforce a tax lien."); *United States v. Carney*, 796 F. Supp. 700, 703 (E.D.N.Y. 1992) ("Since the government is proceeding under

[New York's Debtor and Creditor] law, the government is not bound by the applicable State statute of limitations."); *cf. Windward Bora, LLC v. Wilmington Sav. Fund Soc'y, FSB*, 982 F.3d 139, 142 (2d Cir. 2020) ("It is well-established that the United States is not bound by a statute of limitations unless Congress has explicitly expressed one."). Accordingly, Plaintiff's claims are timely and cannot be barred by the statute of limitations in New York State's Debtor and Creditor Laws under which it brings its claims.

## II. Plaintiff's Claims Are Not Barred by New York State Law

Next, Ms. Falk argues that Plaintiff's claims against her are "precluded" because, under New York law, she solely possesses title to the Property alleged to have been purchased with funds from Mr. Falk that are encumbered by federal tax liens. (Mot. 3–4.) In support, she cites a legion of New York state property and probate law cases pertaining to spousal gifts and rights to property titled in a spouse's name. (*Id.*) Relying on this case law, she argues that under New York State law "[o]nce title vests in a spouse, the source of the funds [used to purchase the property] is immaterial." (*Id.* at 4.) This argument is baseless.

First, none of the cases on which Ms. Falk relies are relevant to this action because they all address property ownership but do not involve the issuance and application of federal tax liens encumbering a property or the funds used to purchase a property. (*See id.* at 3–4.) Here, Plaintiff does not contest that the Property is titled under Ms. Falk's name. (*See* Compl. at 1 (describing the Property as "titled solely in [Ms. Falk's] name"); *id.* ¶ 16 ("On or around November 15, 1995, Betty Falk acquired the Property by deed from Peter Braun and Stephanie Braun.").)

Second, Ms. Falk makes the unsupported argument that "[o]nce title vests in a spouse, the source of the funds [used to purchase the property] is immaterial" and suggests that federal tax

liens disappear if the encumbered assets are gifted to or titled in the name of the taxpayer's spouse. This theory finds no support in the case law. Here, Plaintiff levied tax liens against Mr. Falk's assets under 26 U.S.C §§ 6321 and 6322 and alleges that Mr. Falk used his encumbered funds to make mortgage and property tax payments on the Property titled in Ms. Falk's name. (Compl. ¶¶ 43–45.) "The scope of § 6321 is broad and reveals that Congress meant to reach every interest in property that a taxpayer might have. . . . Moreover, a tax lien attaches automatically at the time of the assessment and remains in effect until the liability is satisfied." *United States v. Comparato*, 22 F.3d 455, 457 (2d Cir. 1994) (citing *United States v. National Bank of Commerce,* 472 U.S. 713, 719–20 (1985) and 26 U.S.C. § 6322). Under this law, the tax liens assessed against Mr. Falk's assets remain in effect until they are satisfied, and the liens attach onto any property substituted for those encumbered assets. Thus, the Complaint plausibly pleads that the tax liens encumbering Mr. Falk's assets attach onto the Property, which is alleged to have been purchased by Ms. Falk with Mr. Falk's encumbered assets. *See In re Callahan*, 442 B.R. 1, 7 (D. Mass. 2010) ("Once a tax lien attaches to property, 'the lien reattaches to the thing and to whatever is substituted for it . . . The owner and the lien holder, whose claims have been wrongfully displaced, may follow the proceeds wherever they can distinctly trace them.'" (quoting *Phelps v. United States*, 421 U.S. 330, 334–35 (1975))). In other words, "Once a federal tax lien attaches to property, the transfer of the property does not affect the lien . . . and the lien reattaches to any property substituted for the taxpayer's property." *McMahon v. United States*, No. 3:09-cv-46, 2010 WL 4430512, at *5 (D. Conn. Oct. 29, 2010); *see also Garrity, Levin & Muir, LLP v. United States*, No. 15-cv-11405, 2015 WL 6126816, at *3 (D. Mass. Oct. 16, 2015) (holding that once the federal government's lien attached to a property, that lien is automatically reattached to the property substituted for that interest); *Mun. Trust and Sav. Bank v. United*

*States,* 114 F.3d 99, 101 (7th Cir. 1997) ("[I]t was established long ago that the lien follows any property substituted for what the taxpayer owned, provided that the chain of substitution can be traced."). Accordingly, Ms. Falk's argument that the Property is free from federal tax liens that attached to Mr. Falk's assets because she has title to the Property ignores the plausible allegations of the Complaint. *See United States v. Mazzeo*, 245 B.R. 435, 437 (E.D.N.Y. 1999) ("Plaintiff is seeking to satisfy federal tax liens against [defendant]'s husband . . . through foreclosure sale of the Property" purchased by defendant's husband and gifted to defendant).

**III. Ms. Falk's "Additional Arguments and Related Items" are Unpersuasive**

Ms. Falk concludes her motion by referencing a series of statutes that are not at issue in this case and thus do not support her motion for judgment on the pleadings. (Mot. at 4–5.) Ms. Falk first argues that 26 U.S.C. § 2523 "provides for unlimited tax-free consequences for gifts and transfers of property between spouses," and therefore "supports dismissal of Plaintiff's claims." (*Id*. at 5.) But 26 U.S.C. § 2523 is entirely irrelevant to this action because the Complaint does not bring claims to collect taxes resulting from the transfer of a property from Mr. Falk to Ms. Falk but rather seeks to enforce federal tax liens encumbering Mr. Falk's assets, which the Complaint alleges were used to purchase the Property titled in Ms. Falk's name.

Next, Ms. Falk argues that 26 U.S.C. § 6015, which concerns people who have filed joint tax returns, is "instructive and bears relevance to this case insofar as federal statutory law, federal tax law principles, and federal tax policy writ large recognizes that innocent spouses should not be held liable or responsible for the tax debts of their non-innocent spouses. (Mot. at 5.) But Ms. Falk acknowledges that she and her husband did not file joint tax returns and therefore 26 U.S.C. § 6015 has no bearing here. (*Id.*) Moreover, even if they had filed joint tax returns, 26 U.S.C. § 6015 would still be irrelevant to the claims at issue here, which concern the

allegation that federal tax liens assessed on Mr. Falk's assets were used to purchase the Property titled in Ms. Falk's name. For this same reason, 26 U.S.C. § 102(a), which pertains to the tax consequences of gifts and inheritances, also has no bearing to these proceedings.

Further, Ms. Falk argues that "Plaintiff's complaint failed to assert that the federal tax liens filed by Plaintiff against the property were procedurally proper and legally valid." (*Id.*) Ms. Falk fails to cite any portion of the Complaint or case law to support her argument. (Mot. at 5.) To the extent that Ms. Falk is repeating the argument raised in her June 9, 2025 letter regarding Plaintiff's alleged failure to refile tax lien notices for the 1993–1995 tax years, the Complaint explicitly states it is not relying on those tax years to support its lien tracing cause of action, and I squarely rejected this argument in the March 11, 2026 Order address Ms. Falk's prior motions. (*See* March 11 Order at 7.)

**CONCLUSION**

For the reasons set forth above, Defendant's letter motion seeking both leave to file a motion for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure and judgment on the pleadings in favor of Ms. Falk is denied.

The parties are ordered to continue with discovery pursuant to the schedule set forth as ECF No. 26.

Dated: Central Islip, New York
August 25, 2026

*/s/ Nusrat J. Choudhury*
NUSRAT J. CHOUDHURY
United States District Judge